1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD CARTER,

           Plaintiff,

   v.

A. RANDOLPH, et al.

           Defendants.

No.  1:23-cv-01507-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

(ECF No. 9)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on October 23, 2023.  (ECF No. 1.)

On December 12, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff failed to file an amended complaint or otherwise respond to the December 12, 2023 order.  Therefore, on January 23, 2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 9.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

3   "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

4   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

5         A complaint must contain "a short and plain statement of the claim showing that the

6   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

10  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

11  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

12        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

14  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

15  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

16  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

17  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

18  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

19  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

20  at 969.

21                                    **II.**

22                        **SUMMARY OF ALLEGATIONS**

23        The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

24  the screening requirement under 28 U.S.C. § 1915.

25        On September 8, 2023, Plaintiff was removed from his unit and placed in administrative

26  segregation by captain A. Randolph due to being a suspect of battery on a peace officer.  Audio

27  and video surveillance determined no contact was ever made as Plaintiff was assaulted by

28  multiple officer who beat him up.  Plaintiff was deemed no threat nor was he going to do anything

                                        2

to harm himself or others.  Captain Randolph is intentionally letting officers attack Black inmates and Plaintiff is being blamed for the misconduct by prison officials.

On September 9, 2023, Plaintiff was in chains when officer O. Barajas attacked Plaintiff violently slamming him into the wall and causing his head to hit the wall hard.  Officer Placentia coerced Barajas to attack Plaintiff in retaliation because Plaintiff was placed in administrative segregation for not touching him or attacking him and charged with assault on staff.

**III.**

**DISCUSSION**

**A.     Excessive Force**

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21.

In determining whether force was excessive, the Court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.  See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the Court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Here, Plaintiff simply alleges that Defendant O. Barajas attacked Plaintiff violently slamming him into the wall and causing his head to hit the wall hard.  However, the complaint is

devoid of any allegations detailing the circumstances surrounding the use of force. Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendants' use of force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6).  Thus, the lack of factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); LeMaire v. Maas, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates].").  In order to cure this pleading defect, Plaintiff must set forth facts which, if true, plausibly allege the force used against him was used maliciously and sadistically to cause him harm rather than in a good faith effort to restore discipline and quell a disturbance. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

**B.      Placement in Administrative Segregation**

To the extent Plaintiff may be attempting to state a claim based upon his placement in administrative segregation, he also fails to state a claim.  When an inmate is placed in administrative segregation, the Constitution requires only that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose...." Id. at 476. There are no allegations demonstrating that any Defendant failed to provide Plaintiff these protections.  Accordingly, Plaintiff fails to state a cognizable claim for his placement in administrative segregation.

1

### C.     Retaliation

2       Retaliation by a state actor for the exercise of a constitutional right is actionable under 42

3   U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. <u>See</u> <u>Mt.</u>

4   <u>Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 283–84 (1977). Retaliation, though

5   it is not expressly referred to in the Constitution, is actionable because retaliatory actions may

6   tend to chill individuals' exercise of constitutional rights. <u>See</u> <u>Perry v. Sindermann</u>, 408 U.S. 593,

7   597 (1972). Within the prison context, a viable claim of First Amendment retaliation entails five

8   basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

9   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

10  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

11  correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (internal citation omitted).

12      Plaintiff contends that Defendant Placentia coerced Defendant Barajas to attack Plaintiff

13  in retaliation because Plaintiff was placed in administrative segregation for not touching him or

14  attacking him and charged with assault on staff.  However, Plaintiff fails to allege facts to

15  demonstrate that the attack was the but for cause of the exercise of a constitutional right.

16  Accordingly, Plaintiff fails to state a cognizable retaliation claim.

17

### D.     False Allegations

18      Prisoners do not have a liberty interest in being free from false accusations of misconduct.

19  This means that the falsification of a report, even when intentional, does not alone give rise to a

20  claim under § 1983. <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate

21  has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

22  which may result in the deprivation of a protected liberty interest."); <u>Buckley v. Gomez</u>, 36 F.

23  Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right

24  to be free from wrongfully issued disciplinary reports[ ]").  Accordingly, Plaintiff fails to state a

25  cognizable claim for any alleged false allegations.

26

### IV.

27

### FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

28      Here, the Court screened Plaintiff's complaint, and on December 12, 2023, an order issued

5

providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 8.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's December 12, 2023 order.  Therefore, on January 23, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 9.)  Plaintiff failed to respond to the January 23, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

1    In this instance, the public's interest in expeditious resolution of the litigation and the

2    Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA)

3    Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint

4    within thirty days of December 12, 2023 and has not done so.  Plaintiff's failure to comply with

5    the order of the Court by filing an amended complaint hinders the Court's ability to move this

6    action towards disposition.  This action can proceed no further without Plaintiff's compliance with

7    the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this

8    action.

9    Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

10    rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

11    1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

12    The public policy in favor of deciding cases on their merits is greatly outweighed by the

13    factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order

14    for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies

15    in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended

16    complaint or respond to the order to show cause and this action cannot simply remain idle on the

17    Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's

18    failure to comply with the Court's orders.

19    Finally, a court's warning to a party that their failure to obey the court's order will result

20    in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

21    Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's December 12, 2023, order

22    requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

23    amended complaint in compliance with this order, the Court will recommend to a district ju6dge

24    that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 8.)  In

25    addition, the Court's January 23, 2024, order to show cause specifically stated: "Plaintiff's failure

26    to comply with this order will result in a recommendation to dismiss the action for the reasons

27    stated above." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from

28    her noncompliance with the Court's order.

7

# V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the December 12, 2023 and January 23, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2024**

UNITED STATES MAGISTRATE JUDGE

8